IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD GROSS, | No. 4:23-CV-02088 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## MEMORANDUM OPINION AND ORDER

### JANUARY 30, 2024

Petitioner Donald Gross, a federal inmate, filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Petitioner attempts to collaterally attack his supervised release revocation sentence in Case No. 1:11-cr-00383-JKB entered in the District of Maryland.[1] Because the petition was filed in the Middle District of Pennsylvania instead of the District of Maryland, it was opened as a petition pursuant to 28 U.S.C. § 2241 pursuit to the savings clause in 28 U.S.C. § 2255(e). The Court lacks jurisdiction over this petition under 28 U.S.C. § 2241 and will dismiss the petition. However, Petitioner is free to file a petition pursuant to 28 U.S.C. § 2255 in the District of Maryland.

---

[1] Doc. 1.

I.   BACKGROUND

Petitioner pled guilty to one count of bank robbery under 18 U.S.C. § 2113(a), (d), and (f) and was sentenced on February 28, 2012, to a 100-month term of imprisonment followed by five years of supervised release by the District Court for the District of Maryland.[2]

On April 13, 2022, the District Court for the District of Maryland entered judgment finding that Petitioner admitted to violating his supervised release and sentencing Petitioner to 36 months of incarceration to run consecutive to any other terms of incarceration previously imposed.[3]  Petitioner appealed the judgment to the United States Court of Appeals for the Fourth Circuit.[4]  This appeal is still pending.[5]

Petitioner filed the instant petition on December 18, 2023, seeking relief under 28 U.S.C. § 2255.[6]

II.   DISCUSSION

This Section 2241 petition is before the Court for screening pursuant to 28 U.S.C. § 2243.  The petition, has been given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District

---

[2]   *USA v. Gross et al.*, No. 1:11-cr-00383-JKB-1, Doc. 68.
[3]   *Id.*, Doc. 114.
[4]   *Id.*, Docs. 119, 210.
[5]   *United States v. Gross*, No. 22-4260 (4th Cir.).
[6]   Doc. 1.

Courts, 28 U.S.C. § 2254 (applicable to § 2241 petitions under Rule 1(b)).  Rule 4 may be applied at the discretion of the district court as it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.[7]  Here, the Court finds that it lacks jurisdiction and ordering an answer would be unnecessary.  Therefore, the Court will dismiss the petition.

The Supreme Court "attribute[s] postrevocation penalties to the original conviction."[8]  A federal criminal defendant's conviction and sentence are ordinarily subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255.[9]  Petitioner should therefore have proceeded in the sentencing court under Section 2255.[10]

The Court recognizes that a defendant can challenge a conviction or sentence under Section 2241 if a Section 2255 petition is "inadequate or ineffective to test the legality of his detention."[11]  However, Section 2255(e) is reserved for exceedingly rare situations where it is "impossible or impracticable

---

[7] *Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970).
[8] *United States v. Dees,* 467 F.3d 847, 853 (3d Cir. 2006) (citing *United States v. Johnson,* 529 U.S. 694, 701, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000) and *United States v. Soto-Olivas,* 44 F.3d 788, 790 (9th Cir. 1995)).
[9] *See United States v. Miller,* 197 F.3d 644, 648 n. 2 (3d Cir. 1999); *Coady v. Vaughn,* 251 F.3d 480, 485 (3d Cir. 2001).
[10] *See* 28 U.S.C. § 2255(a).
[11] 28 U.S.C. § 2255(e).

to seek relief in the sentencing court," such as when the sentencing court dissolves or when the prisoner is unable to be present at a necessary hearing.[12]

Attached to the instant petition is a proposed order titled "Writ of Habeas Corpus (2255)".[13] Based on this and the petition urging "the Court to vacate the sentence," the court construes this filing as a Section 2255 petition simply filed in the incorrect court. Since a Section 2255 petition is neither inadequate or ineffective in this case, the court lacks jurisdiction to consider it under Section 2241.[14] Therefore, the petition will be dismissed without prejudice to Petitioner filing such a petition in the District of Maryland.

### III. CONCLUSION

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Petitioner Donald Gross' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction.

2. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[12] *Jones v. Hendrix*, 599 U.S. 465, 473–77, 143 S.Ct. 1857, 1866-68, 216 L.Ed. 2d 471 (2023).
[13] *See* Doc. 1, p. 3.
[14] *See Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538-39 (3d Cir. 2002).